```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| D.G., o/b/o A.J.G., | CIVIL ACTION NO. 06-4932 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| NORTH PLAINFIELD BOARD OF EDUCATION, et al., |  |
| Defendants. |  |

**THE COURT** having ordered the plaintiff to show cause why the complaint should not be dismissed for (1) failure to comply with Federal Rule of Civil Procedure ("Rule") 4(m), and (2) lack of prosecution under Local Civil Rule 41.1(a) and Rule 41(b) (dkt. entry no. 2); and the plaintiff's counsel, in response, asserting:

> Originally I believed that the attorney who has been handling the OAL case would accept service of the complaint.  I had left her a message months ago but apparently she did not receive it.  I set this aside waiting for a response not realizing that so much time has gone by.  As soon as I saw the Court's order, I reached out to her again and she indicated that she was not authorized to accept service and I should serve it upon the Board of Education office.  She did not receive my message.  I promptly did send out the complaint and summons and all has been filed with the Court . . . .  I did not see the Court's order right away because I have been having ongoing problems with my computer either shutting down or not restarting

(dkt. entry no. 6, Pl. Resp., at 2); and the plaintiff's counsel thereafter serving the defendant North Plainfield Board of

Education ("Board") only (dkt. entry nos. 13 & 15, Acknowledgments of service by Board's counsel); and the plaintiff's counsel making no showing that service was accomplished on the other defendants ("Other Defendants"); and thus the Court intending to (1) vacate the order to show cause as to the complaint insofar as asserted against the Board, (2) grant the order to show cause as to the complaint insofar as asserted against the Other Defendants under Rule 4(m), and (3) dismiss the complaint insofar as asserted against the Other Defendants;[1] but

**IT APPEARING** that this action insofar as asserted against the Board concerns claims for certain relief under (1) the Individuals with Disabilities in Education Act ("IDEA"), and (2) 42 U.S.C. § 1983 based on violations of the IDEA (dkt. entry no. 1, Compl.); and the initial 42-page complaint failing to present a short and plain statement of the claims as required by Rule 8(a)(2), and thus being "unnecessarily complicated, and extremely verbose," Doumit v. Coldwell Banker Realtors, 135 Fed.Appx. 543, 543-44 (3d Cir. 2005) (concerning 34-page complaint); and it having appeared that this type of claim could be presented in a

---

[1] It is unnecessary for the Court to balance the Poulis factors for a dismissal pursuant to Rule 41, see Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), as the plaintiff has failed to comply with Rule 4(m) as to the Other Defendants.

more concise fashion;[2] and thus the Court also having directed the plaintiff to submit a proposed amended complaint for the Court's review; and the Court having advised the plaintiff that the proposed amended complaint should be no longer than sixteen pages; and the Court having advised the plaintiff that the proposed amended complaint must comply with Rule 10 and Local Civil Rule 10.1(b); and

**THE PLAINTIFF** having asserted in the initial complaint:

125. . . . Plaintiff moved before the Superior Court in Somerset County.  A stay was granted and the OAL matter was consolidated with the then pending ADA and LAD action that had been filed by Plaintiff as a result of all of the things that had happened and continues to happen to Plaintiff.

126. A trial was finally scheduled in August of 2005.  At that time, Judge Kumpf decided sua sponte to sever the matters and send the OAL case back to the OAL.  The ADA and LAD case was heard.

127. Judge Masin decided that Plaintiff's case was moot even though 1) most of the issues presented therein still existed 2) others were never formally resolved 3) Plaintiff was still entitled to damages. The decision was made on July 18, 2006.  It is from this decision that Plaintiff appeals

(Compl., at ¶¶ 125-27 (as stated in original)); and the Court being concerned that this action is barred under, inter alia, Younger abstention, or the entire-controversy doctrine, see 20

---

[2] See, e.g., F.D. v. Holland Twp. Bd. of Educ., No. 05-5237 (AET), dkt. entry no. 4 (eight-page amended complaint); K.H. v. N. Hunterdon-Voorhees Reg'l High Sch., No. 05-4925 (AET), dkt. entry no. 1 (twelve-page complaint excluding exhibits).

U.S.C. § 1415(i)(2)(A) (stating IDEA claim may be brought in state or federal court); but the Court being unable to make that determination due to the unnecessarily complicated allegations contained in the complaint; and thus the Court advising the plaintiff that the Court might issue another order to show cause addressing whether this action should proceed here; and

**IT NOW APPEARING** that "Congress did not intend § 1983 to be available to remedy violations of the IDEA", and "a § 1983 action is not available to remedy violations of IDEA-created rights", and thus any case law suggesting that a plaintiff may seek redress under 42 U.S.C. § 1983 for violations of the IDEA "is no longer sound", A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 799, 802, 803 (3d Cir. 2007); and thus the Court intending to dismiss the claims brought under 42 U.S.C. § 1983 asserted against the Board;[3] and thus it appearing that the only claims that the Court must now address are asserted against the Board under the IDEA; but

**THE PROPOSED AMENDED COMPLAINT** failing to clarify what exact relief the plaintiff is seeking (see dkt. entry no. 7), as the claims are still presented in a muddled fashion; and the plaintiff's counsel referring elsewhere to "a grief [sic] I filed

---

[3] The Court, if not intending to dismiss the claims asserted against the Other Defendants under Rule 4(m), also would dismiss the claims brought under 42 U.S.C. § 1983 against them.

last month in the appellate court matter in the companion case" (dkt. entry no. 11, Pl. Letter); and

**THE COURT** thus intending to order the plaintiff to show cause why the remaining portion of the complaint — the claims under the IDEA asserted against the Board — should not be dismissed (1) as being violative of Rules 8 and 10, (2) as being unripe or premature, (3) under <u>Younger</u> abstention, or (4) under the entire-controversy doctrine; and the Court, in an effort to assist the plaintiff in presenting the IDEA claims more clearly, intending to direct the plaintiff to answer the following queries in the response:  (1) From what decision does the plaintiff seek relief?  (2) Have any administrative or judicial proceedings — with the exception of those before this Court — occurred following the issuance of the decision, or is the decision final? (3) How did the administrative law judge or hearing officer issuing the decision err?  (4) What is the "ADA and LAD case", and how does it relate to the decision from which the plaintiff seeks relief here?, and (5) What is meant by this statement from the initial complaint — "the OAL case [was sent] back to the OAL" — and does this indicate that the IDEA claims at issue are the subject of an ongoing proceeding elsewhere?; and the Court also intending to direct the plaintiff to submit a copy of the decision from which the plaintiff seeks relief; and the Court also intending to direct the Board to respond to this inquiry, as

this action apparently concerns the well-being of a child; and for good cause appearing, the Court will issue the appropriate (1) order and judgment, and (2) order to show cause.

                                                                  s/ Mary L. Cooper  
                                                             **MARY L. COOPER**  
                                                             United States District Judge

Dated:  November 26, 2007