**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| D.G., o/b/o A.J.G., | CIVIL ACTION NO. 06-4932 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| NORTH PLAINFIELD BOARD OF EDUCATION, et al., | |
| Defendants. | |

**THE COURT** — in this action concerning the education of an allegedly disabled child ("Child") — previously dismissed the Complaint insofar as it asserted (1) a claim against the defendant North Plainfield Board of Education ("Board") under 42 U.S.C. § 1983, and (2) claims against all defendants other than the Board. (Dkt. entry no. 17, 11-26-07 Order; see dkt. entry no. 16, 11-26-07 Op. at 4 (stating Section 1983 claim unavailable for violation of Individuals with Disabilities Education Act ("IDEA"), and citing A.W. v. Jersey City Public Schools, 486 F.3d 791, 799-803 (3d Cir. 2007)).) The only claim remaining is asserted against the Board under the IDEA ("IDEA Claim") for certain equitable relief ("Equitable Part") and compensatory damages ("Damages Part"). (11-26-07 Order.)

**THE CHILD** graduated from high school in June 2007 and attends college. (Dkt. entry no. 22, Board Br. at 6.) The Equitable Part thus appears to be moot. Furthermore, the Damages Part is without merit, as compensatory damages are not available through the IDEA

itself. See Weidow v. Scranton Sch. Dist, No. 08-1978, 2009 WL 2588856, at *8 (M.D. Pa. Aug. 19, 2009); Derrick F. v. Red Lion Area Sch. Dist., 586 F.Supp.2d 282, 297 (M.D. Pa. 2008); Brandon V. v. Chichester Sch. Dist., No. 06-4687, 2007 WL 2155722, at *3 (E.D. Pa. July 25, 2007).

**THE PLAINTIFF** engaged in parallel litigation in state court, wherein a final decision appears to have been issued. See D.G. v. N. Plainfield Bd. of Educ., 400 N.J.Super. 1 (App. Div. 2008), certif. denied, 196 N.J. 346 (2008), cert. denied, 129 S.Ct. 776 (2008). To the extent that the plaintiff may be seeking relief here from a state court decision, such a claim is barred because this Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a state court decision. See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414-16 (1923).

**THE COURT** intends to dismiss the IDEA Claim and terminate the action, but will grant the plaintiff leave to move to reopen the action on the ground that a claim already asserted in the pleadings remains viable.[1] The Court will issue an appropriate order and judgment.

                                                  s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated: September 28, 2009

---

[1] It has been difficult to discern the exact relief sought by the plaintiff. (See, e.g., 11-26-07 Op. at 4-5.)